IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| | ) CRIMINAL NO. <u>25-1075-GBW</u> |
| v. | ) ) |
| **JOSE OMAR FLORES-PENALOZA,** | ) ) |
| Defendant. | ) |

## <u>UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE (DOC. 10)</u>

The United States files this response in opposition to Defendant's Motion to Dismiss. Doc. 10. For the reasons set forth below, the Court should deny the motion.

To establish a violation of 8 U.S.C. § 1325(a)(1), the United States must prove, beyond a reasonable doubt, that: (1) the defendant was an alien to the United States; (2) the defendant entered or attempted to enter into the United States; and (3) the defendant did so at a place other than one designated as a port of entry by United States immigration officials. *See* 8 U.S.C. § 1325(a)(1) (2018). An alien is "any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3). A "place other than as designated by immigration officers" means "any place other than immigration facilities at designated ports of entry, as contemplated by [8 C.F.R.] § 235.1(a)." *United States v. Aldana*, 878 F.3d 877, 880 (9th Cir. 2017).

[V]enue is a right of constitutional dimension, [which] has been characterized as an element of every crime." *United States v. Miller,* 111 F.3d 747, 749 (10th Cir.1997). Venue in federal criminal cases is an element of the prosecution's case which must be proved, unlike the other elements, by a preponderance of the evidence." *Id.* at 749–50 (quotations omitted). Although venue is a question of fact to be decided by the jury, "[w]hether there has been

sufficient evidence to justify a finding on venue is a question of law for the court." *Id.* at 749 (quotations omitted). Venue is generally proper "in a district where the offense was committed." Fed.R.Crim.P. 18; *see also* U.S. Const. art. III, § 2, cl. 3 ("The Trial of all Crimes ... shall be held in the State where the said Crimes shall have been committed."); U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury *of the State and district wherein the crime shall have been committed.*") (emphasis added).

1. **Factual Background**

On May 2, 2025, the Government filed a complaint charging the Defendant with illegal entry. Doc 1. The complaint asserts that the Defendant entered the United States on April 29, 2025, through Hidalgo County in the District of New Mexico at a location other than a designated port of entry in violation of 8 U.S.C. § 1325(a)(1). Additionally, the Government asserts the Defendant violated 50 U.S.C. § 797 and 18 U.S.C. § 1382 by entering through a designated military property called generally, the New Mexico National Defense Area, which parallels the international border in New Mexico. On May 7, 2025, the Government filed a 3-count Information charging all the offenses alleged in the complaint. Doc 5.

2. **Argument**

The United States opposes the Defendant's Motion to Dismiss for Improper Venue. Doc 10. The Defendant was apprehended by Border Patrol agents 25 miles west of the Antelope Wells, New Mexico Port of Entry. Def. Ex. 3, at 3. In this remote area, it is not uncommon for Border Patrol agents to cross state lines to support each other in enforcing federal law. Here, Agent Staheli, a Border Patrol Agent assigned to the Douglas Arizona Border Patrol Station's Horse Patrol Unit ("HPU") and assigned to the far area east side of the Douglas Area of Authority ("AOR"), received intelligence regarding individuals walking north from Mexico near

2

the Valencia Corrals and advised that he and his partner, Agent Watson, would respond to the area. Def. Ex. 1, at 1. The Valencia Corrals are located in the Peloncillo Mountains which run through both the Douglas AOR in Arizona and the adjacent Lordsburg AOR in New Mexico. Govt. Ex. 1.

The Lordsburg AOR, is an area that is commonly used for illegal activity, including human smuggling. Def. Ex. 1, at 1. With assistance from an Air and Marine Operations ("AMO") helicopter, Border Patrol agents apprehended the Defendant at the following coordinates, N31.337588, W-109.039549, in Hidalgo County, in the District of New Mexico. Govt. Ex. 2. This location is 0.4 miles north of the international border between New Mexico and Mexico. This is consistent with the Defendant's testimony that he entered the United States in the mountains east of Agua Prieta, Sonora, Mexico, as the location he entered and encountered was in the Peloncillo Mountains which run east of Agua Prieta. Def. Ex. 2, at 2.

3. **Conclusion**

The evidence cited above establishes by a preponderance of the evidence, that the Defendant illegally entered the United States from Mexico in the District of New Mexico. Thus, venue is proper in this District and the motion to dismiss should be denied.

The United States asks this Court to deny Defendant's Motion to Dismiss for Improper Venue as venue is proper in this case.

        Respectfully submitted,

        RYAN ELLISON
        United States Attorney

        *Electronically filed on 5/27/2025*
        ELIZABETH TONKIN
        Special Assistant United States Attorney
        200 N. Church Street
        Las Cruces, New Mexico 88011
        (575) 323-5267– Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*<u>Electronically filed on 5/27/2025</u>*
ELIZABETH TONKIN
Special Assistant United States Attorney