IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 25-CR-1075-GBW |
| | ) |
| **JOSE FLORES-PENALOZA**, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER PRETRIAL RELEASE ORDER

The United States files this response in opposition to Defendant's Motion to Reconsider Pretrial Release. Doc 14. For the reasons set forth below, the Court should deny the motion.

**I.   BACKGROUND**

On May 2, 2025, the Government filed a complaint charging the Defendant with illegal entry. Doc 1. The complaint asserts that the Defendant entered the United States on April 29, 2025, through Hidalgo County in the District of New Mexico at a location other than a designated port of entry in violation of 8 U.S.C. § 1325(a)(1). Additionally, the Government asserts the Defendant violated 50 U.S.C. § 797 and 18 U.S.C. § 1382 by entering through a designated military property called generally, the New Mexico National Defense Area, which parallels most of the international border in New Mexico. On May 7, 2025, the Government filed a 3-count Information charging all the offenses alleged in the complaint. Doc 5. On this same day, the Defendant presented no arguments for release, and the Court ordered detention as a serious flight risk. Doc. 8, at 1. The Court found the Government had proven by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required. Doc 8, at 3. The Court stated its findings were based on the following

reasons: weight of evidence against the defendant is strong, lack of family or other ties to the community, significant family or other ties outside of the United States, lack of legal status in the United States, subject to removal or deportation after serving any period of incarceration. *Id*.

The Defendant has failed to submit any new evidence regarding detention. Therefore, under Cisneros, this motion should be summarily dismissed.

## II. STANDARD OF REVIEW

"The Bail Reform Act of 1984 provides two avenues through which a release or detention order can be reconsidered prior to review on appeal by a court of appeals. The first avenue is provided by 18 U.S.C. § 3142(f), which specifies the hearing procedure that must be followed before a defendant is detained:

> (f) Detention hearing. – The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . .
>
> . . . .
>
> The hearing may be reopened before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [the defendant] as required and the safety of any other person and the community.

*United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003) (quoting § 3142(f)(2).[1]  "By its terms, this section applies to reconsideration of a detention or release order by the same judicial officer who entered the initial order." *Id*.  "In addition, reconsideration is permissible under this section only when there is new information that would materially influence the judgment about

---

[1] "The second avenue is provided by 18 U.S.C. § 3145(a) and (b)." *Id*. "These sections permit the government or a defendant to file a 'motion for revocation' of a release or detention order" with the district judge. *Id*.

whether there are conditions of release which will reasonably assure that the defendant will not flee and will not harm any other person or the community." *Id.*

### III. LAW REGARDING PRE-TRIAL DETENTION

Pursuant to the Bail Reform Act, a defendant may be detained pending trial only after a hearing, held pursuant to 18 U.S.C. § 3142(f), and upon a finding "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). At such a hearing, the United States bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear and convincing evidence. *United States v. Cisneros*, 328 F.3d 610, 616; 18 U.S.C. § 3142(f). To determine whether there are conditions which can assure the defendant's appearance at trial and the safety of the community, the Court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including
>    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance a court proceedings; and
>    (B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by release.

*Cisneros*, 328 F.3d at 617 (citing 18 U.S.C. § 3142(g)).

### IV. ANALYSIS

As the Court found initially, the Defendant is a flight risk and there are no conditions, nor a combination of conditions, that will adequately ensure the presence of the defendant as required, and the motion to consider should be denied.

A. **Nature and circumstances of the offense and the danger to any person or the community posed by the defendant's release.**

The first factor, the nature and circumstances of the offense charged, weighs in favor of pretrial detention. Defendant is charged with Illegal Entry, in violation 8 U.S.C. § 1325(a)(1)(2), Trespass on Military Property, in violation of 18 U.S.C. § 1382, and Violation of a Security Regulation and Orders, in violation of 50 U.S.C. § 797.

Here, Defendant admitted in his post-*Miranda* statement that he knowingly entered into the District of New Mexico, from Mexico, at a location other than a designated port of entry. By his own admission, the Defendant did not nor does not have any documents that allow him to remain legally in the United States. Doc 10-1, at 5. By his own admission, the Defendant attempted to not only enter the United States in violation of the law but intended to remain in the country unlawfully in order to illegally work in Tucson, Arizona. *Id*. Defendant's attempt, in the instant case, to evade proper inspection at a port of entry and remain in the United States illegally weigh heavily against the release of the defendant as a significant risk of non-appearance.

B. **The weight of the evidence.**

The weight of the evidence against defendant is strong as the Defendant was found in the District of New Mexico having entered at a location other than a designated port of entry. When apprehended by Border Patrol agents, the Defendant admitted to entering illegally. *Id*. This factor also weighs in favor of detention.

C. **Defendant's history and characteristics.**

The third factor, the history and characteristics of the person, also weighs strongly in favor of detention. The Defendant is a significant flight risk because he is an illegal alien. The Defendant is not a citizen or national of the United States and entered the United States, into the District of New Mexico from Mexico, at a location other than a designated port of entry.

4

Specifically, the Defendant entered the District of New Mexico, in the Peloncillo Mountains, on or about April 30, 2025.

The Defendant is not a material witness, nor has he been deemed a material witness by the Court pursuant to 18 U.S.C. § 3144. The Defendant, therefore, does not in any way qualify for release and parole into the United States under this theory. The Department of Homeland Security does not have any authority to treat the Defendant as a material witness—whose testimony is material or crucial to the prosecution of another individual—when he is not one, nor does it have any incentive to do so. Rather, the Defendant is himself charged with a federal offense.

    **D.**    **The nature and seriousness of the danger to any person or the community posed by the Defendant's release.**

The Government makes no assertions that the Defendant is or would be a danger to the community.

## V. CONCLUSION

Defendant should be detained in this case because there are no conditions that will reasonably assure his appearance at future court proceedings.

**WHEREFORE**, the United States respectfully requests that the Court find Defendant is a flight risk and a danger to the community and that no conditions can reasonably assure the defendant's future appearance in Court and the safety of the community, and order that Defendant be detained pending the resolution of this case.

Respectfully submitted,

RYAN ELLISON
United States Attorney

*/s/ Electronically filed 6/4/2025*
ELIZABETH TONKIN
Special Assistant United States Attorney
200 N. Church Street
Las Cruces, New Mexico 88001

I HEREBY CERTIFY that on June 4, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF electronic filing system which will send notification to all counsel of record.

*/s/ Electronically filed 6/4/2025*
ELIZABETH TONKIN
Special Assistant United States Attorney