IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                        Case No. 25-CR-1075-GBW

JOSE FLORES-PENALOZA,

    Defendant.

**RESPONSE TO GOVERNMENT'S MOTION FOR DETERMINATION OF ELEMENTS OF CRIMES**

    Mr. Flores-Penaloza, by and through his attorneys of record, Assistant Federal Public Defenders Victoria Trull and Amanda Skinner, hereby responds to the Government's Motion for Determination of Elements of Crimes("motion"). (Doc. 22). This Court should deny the Government's motion for the reasons set forth below.

**I.    BACKGROUND**

    The Government filed a complaint against Mr. Flores-Penaloza on May 2, 2025. (Doc 1). The complaint alleged that he entered the United States on April 29, 2025, through Hidalgo County in the state of New Mexico without lawful permission in violation of 8 U.S.C. §1325(a)(1). (*Id.*). The complaint also alleges that he violated 50 U.S.C. §797 and 18 U.S.C. §1382 ("the military trespass charges") by entering through a designated military property called generally, the New Mexico National Defense Area, which parallels the international border in New Mexico. (*Id.*) This Court made a preliminary finding of probable cause, and the case was set for preliminary hearing. (*Id.*; Doc. 3).

1

On the date of the preliminary hearing, the Government foreclosed the parties' opportunity to test the sufficiency of this Court's preliminary finding of probable cause by filing an Information, accusing Mr. Flores-Penaloza of the same charges and cutting off any pre-trial judicial review of the validity of the charges. Mr. Flores-Penaloza elected to proceed to a bench trial, which is scheduled for June 17, 2025. (Doc. 16). Numerous pretrial motions are pending and scheduled to be heard the same day. (Docs. 10, 12, 14, 15).

Yesterday, The United States Attorney for the District of New Mexico filed the instant motion. (Doc. 22) The Government objects to what it thinks this Court will decide in terms of the elements the Government must prove beyond a reasonable doubt to secure convictions on the military trespass charges. (*Id*. at 1, 4). The Government alleges it would stipulate to certain facts and told this Court it "should dismiss the military trespass charges in the Information so that the Government may pursue an appeal of its decision." (Doc. 22 at 1). The citation that follows does not stand for the proposition that a judge should dismiss an Information, with no input from the defendant, on a theory the Government objects to because the Government wants to appeal.[1] (*See Id*.).

II.  **LAW AND ARGUMENT**

Local Rule of Criminal Procedure 47.1 requires the moving party to "determine whether a motion is opposed. Movant must recite in the motion whether concurrence was refused or explain why concurrence could not be obtained." D.N.M.LR-Cr. 47.1. While the Government's motion is titled as a request for "determination of elements", the body of the filing also includes a request for this Court to dismiss the Information, based on the Government's purported stipulations, so the Government can appeal. (*Id*. at 1, 4).

---

[1] Undersigned counsel are aware of numerous avenues available to the Government to properly seek appellate review of appealable rulings pretrial. None of those avenues are available here.

The Government did not seek the position of undersigned counsel or her cocounsel before filing the motion.[2] While on its own, a failure to comply with this rule may not seem significant, it is significant in this case because the Government's motion requests dismissal of the charges on a theory Mr. Flores-Penaloza does not agree with and asks the Court to dismiss the charges based on the Government's purported stipulations so the Government can appeal. (Doc. 22 at 1, 3, 4, and 11).

Stipulations require the parties to agree to certain facts or terms. Black's Law Dictionary defines a stipulation as

1. A material condition or requirement in an agreement[…] 2. **A voluntary agreement between opposing parties** concerning some relevant point; esp., an agreement relating to a proceeding, made by attorneys representing adverse parties to the proceeding <the plaintiff and defendant entered into a stipulation on the issue of liability>. **A stipulation relating to a pending judicial proceeding, made by a party to the proceeding or the party's attorney, is binding without consideration.**

Black's Law Dictionary (12th ed. 2024), stipulation (emphasis added).

Mr. Flores-Penaloza was never asked to stipulate to the terms the Government proposes in the motion and his attorneys were never contacted for their position on the requests in the motion. This Court and the Government believe the illegal entry charge informs the analysis of the military trespassing charges. (Doc. 22 at 9). Mr. Flores-Penaloza respectfully disagrees. Therefore, Mr. Flores-Penaloza opposes the Government's motion and is unable to agree to any stipulations that could harm *his* chances on appeal in the event of a conviction on the military trespassing charges. In addition, Mr. Flores-Penaloza has filed a motion to dismiss the illegal entry charge for improper

---

[2] Parties, including undersigned counsel, often forget this rule applies even to a motion you presume the other party will oppose, like a defense motion to dismiss or a motion to reconsider a bond decision where the parties have discussed the matter together at some point during the case. *See* (Docs. 10, 12, and 14 (undersigned counsel's filings in this case moving to dismiss the charges and moving the Court to reopen the bond proceedings that did not state the Government's position)).

venue. (Doc. 10). Any stipulations in this case are against Mr. Flores-Penaloza's interest because he believes he has defenses to all three charges.

Local Rule of Criminal Procedure 47.7 requires that a motion include citation authority in support of legal positions advanced. D.N.M.LR-Cr. 47.7. The Government's motion complains about various legal rulings in other defendants' cases and then urges this Court to dismiss the Information the Government elected to file on a theory the Government emphatically opposes so the Government can appeal. (*See* Doc. 22 at 1, 4, 5, 9, 10, 11). While the motion contains legal arguments on the *mens rea* required to prove the military trespassing charges, these legal arguments do nothing to support the Government's request that this Court dismiss the Information on a theory the Government clearly disagrees with, without the input of Mr. Flores-Penaloza.

Undersigned counsel understands the local rules as binding on all attorneys practicing in the United States District Court for the District of New Mexico. *See* D.N.M.LR-Cr. 1.2 (Effective Date. These Rules take effect on December 1, 2009. [Amended Effective October 19, 2023]); D.N.M.LR-Cr. 1.3 ("Application of Rules. These Rules apply in all criminal proceedings in the District of New Mexico."). While some leeway for failure to follow multiple rules is sometimes given to pro se litigants, the Government is not a pro se litigant. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (*quoting Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)(alterations omitted) (explaining courts make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

The Government's failure to follow these rules should result in a denial of the requests in the motion under these circumstances. *See* D.N.M.LR-Cr. 47.1, 47.7 (using "must" to describe the parties' obligations under the rules). Should the Court address the substantive requests in the

4

Government's motion on the date of trial, Mr. Flores-Penaloza is prepared to argue the merits in more detail at that time.

III. **CONCLUSION**

For the above-mentioned reasons, and others Counsel is prepared to argue prior to trial if needed, Mr. Flores-Penaloza respectfully requests this Court deny the Government's motion. Mr. Flores-Penaloza remains in custody and ready for trial.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
506 S Main Street, Suite 400
Las Cruces, NM 88001
(575) 527-6930

***Electronically filed June 12, 2025***
By: /s/ Victoria Trull
Victoria Trull
Assistant Federal Public Defender

By: /s/ Amanda Skinner
Amanda Skinner
Assistant Federal Public Defender